IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RATI GVRITISHVILI,<br><br>Petitioner,<br><br>vs.<br><br>ACTING INTERIM ATTORNEY GENERAL, et al.,<br><br>Respondents. | 7:26-CV-5018<br><br>ORDER |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. *See* filing 1.

This is not his first petition. In case no. 4:26-cv-3123, the Court conditionally granted the petitioner's first petition for a writ of habeas corpus, finding that the petitioner had been on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, he was entitled to a bond hearing pursuant to § 1226(a) and the corresponding regulations. *Gvritishvili v. Mullin*, No. 4:26-CV-3123 (D. Neb. April 16, 2026). The immigration judge denied bond, and the petitioner filed a post-judgment motion asserting that the bond hearing had been constitutionally inadequate. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439 (D. Neb. May 15, 2026). The Court rejected that argument and denied the petitioner's motion. *Id*.

The petitioner has since filed this new petition, alleging that outright release, rather than a bond hearing, is the appropriate remedy. Filing 1. But the Court already concluded that a post-deprivation hearing was the appropriate remedy for the petitioner's detention without a pre-deprivation

hearing. *See Gvritishvili*, No. 4:26-CV-3123, 2026 WL 1362439. For the reasons explained by the Court in *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304 (D. Neb. Feb. 18, 2026), the Court abides by that decision.

The petitioner suggests that circumstances have changed since that initial bond hearing, see filing 1 at 6-7, but the solution to that problem isn't a petition for writ of habeas corpus—it's to request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1). Because the petitioner failed to request a custody redetermination hearing, he failed to administratively exhaust his claim that changed circumstances warrant his release from custody. *See Cadillo Salazar v. Warden, McCook Det. Ctr.*, No. 8:26-CV-472 (D. Neb. Sept. 14, 2026) (citing *Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006)). The petitioner's claims can be resolved by demanding a hearing, and then appealing an unsatisfactory ruling to the Board of Immigration Appeals. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be issued.

Dated this 19th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge